Filing # 97884667 E-Filed 10/25/2019 01:05:38 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
Civil Division

JOYCE ADAMS,
 Plaintiff,

                Case Number:

v.

GN ENTERPRISES, L.L.C.,
GARNIK, LLC,
BELLEAIR PARTNERS, LLC., and
NICOLA UBALDINI,

 Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOYCE ADAMS ("Plaintiff") sues Defendants, GN ENTERPRISES, L.L.C., GARNIK, LLC, BELLEAIR PARTNERS, LLC, and NICOLA UBALDINI ("Defendants") and alleges:

1. Plaintiff, JOYCE ADAMS, is an employee of Defendants since September 30, 2014. From approximately 2014 to June 2019, Defendants bestowed upon Plaintiff a title known as "director of compliance". This position was a salaried position, though the actual job duties performed by Plaintiff in said position were not exempt as a matter of law because Plaintiff did not have the authority to formulate, affect, interpret or implement corporate policy nor did Plaintiff have the ability to bind the Defendants in regards to contractual or significant financial matters. Plaintiff did not have the ability to hire and fire subordinate employees. Plaintiff did not have the ability to promote or discipline Defendants' employees or to adjust rates of pay or to modify schedules. In this position, despite the title bestowed upon Plaintiff by Defendants, Plaintiff's actual job duties were limited to clerical duties. From June 2019 to present, Defendants referred to Plaintiff as a "compliance coordinator", though Plaintiff's assigned job duties did not change

1

neither did Plaintiff's "salary", with the exception of the week of June 2018, in which Plaintiff was supposedly paid overtime, without explanation.

2. Thus, Plaintiff worked as the "director of compliance" and/or "compliance coordinator" for Defendants and performed related, non-exempt activities for Defendants in Pinellas and Hillsborough County, Florida. GN ENTERPRISES, L.L.C., is a closely held fictitious entity, operates under the trade banner, Keller Williams Tampa Properties and is a properly named Defendant as GN ENTERPRISES, L.L.C., has issued, within the operative period of time, paychecks to Plaintiff and has been a statutory employer of Plaintiff. GARNIK, L.L.C., is a closely held fictitious entity that operates under the trade banner, Keller Williams Realty Clearwater and is a properly named Defendant as GARNIK, L.L.C., within the operative period of time, issued paychecks to Plaintiff and has been a statutory employer of Plaintiff. BELLEAIR PARTNERS, LLC., is a closely held fictitious entity that operates under the trade banner, Keller Williams Gulf Side, and is a properly named Defendant as Keller Williams Gulf Side within the operative period of time, issued paychecks to Plaintiff and has been a statutory employer of Plaintiff. NICOLA UBALDINI, is a properly named Defendant as Nicola Ubaldini was Plaintiff's immediate supervisor and whom controlled all aspects of Plaintiff's employment with each of the named Defendants. Notably, Defendant Nicola Ubaldini, is the owner and/or part owner, principal and moving force of GN ENTERPRISES, L.L.C., GARNIK, L.L.C., and BELLEAIR PARTNERS, L.L.C. Thus, Defendants, collectively, were joint employers of Plaintiff throughout Plaintiff's employment with Defendants.

3. All material events transpired in Pinellas and Hillsborough County and there is reasonably believed to be more than $15,000.00 in dispute (not including liquidated damages and attorney fees), therefore, this Court has jurisdiction.

4. Defendants did not turn over any documentation that may have assisted Plaintiff in providing a more specific demand or any specifics with regard to how Plaintiff could have been an exempt employee under the Fair Labor Standards Act.

5. Plaintiff was not paid overtime for all of the hours she worked beyond 40 in a single work week.

6. Plaintiff was engaged by Defendants to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

7. For at least three years prior to the filing of this action and up until June 18, 2019, Plaintiff was paid a salary and not subject to any exemptions under the FLSA. Prior to August, 2017, Defendants did not require Plaintiff to complete time cards and specifically told Plaintiff not to fill out time cards, though Plaintiff was routinely working in excess of forty hours each week of her employment with Defendants.

8. Defendants are in the business of providing real estate services and support.

9. Defendants engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single work week and failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single work week.

10. Plaintiff routinely worked more than 40 hours in a single work week.

11. As a result, Plaintiff often performed work for which she did not receive her overtime rate for all hours worked.

12. Plaintiff worked for Defendants in Pinellas and Hillsborough County, Florida.

13. Instead of paying overtime wages, Defendants circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 45 hours a week or more since her hire.

14. Plaintiff was never paid time and a half for all hours worked over forty in any given week.

15. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

16. Defendants are for profit corporations that operate and conduct business in, among others, Pinellas County, Florida, and are therefore, within the jurisdiction of the Court.

17. Defendants, at all relevant times to this amended complaint, were Plaintiff's employers as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce dealing with interstate customers and using computers and credit cards and data transmission lines.

18. This action is brought under the FLSA to recover from Defendants, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

19. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

20. At all material times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s) and Defendants, collectively, were joint employers of Plaintiff. Upon information and belief, including Plaintiff's experience with Defendants as well as the sheer size of Defendants' organizations suggests that Defendants are multi-million-dollar operations that have considerable expertise in the real estate industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendants have an annual volume of at least $500,000.00 in revenue and have two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

21. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control Defendants' budgets in any way. Plaintiff did not implement legal compliance measures. Further, Plaintiff routinely was routinely required to use the instrumentalities of commerce for Defendant's benefit, including internet, computers, telephone and fax machines.

22. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions was made by Defendants to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours per nearly every week during her employment with Defendants. Notably, Defendants are in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendants made no provisions to properly record.

23. Defendants failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

24. Plaintiff has retained the undersigned counsels and law firms and is obligated to pay a reasonable fee for service rendered.

25. Plaintiff has a statutory basis for attorney's fees.

**COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

27. Plaintiff, JOYCE ADAMS, was an employee of Defendants' and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

28. Plaintiff was entitled to be paid her regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

29. During her employment with Defendant, Plaintiff regularly worked overtime hours each week in which she was not paid at the correct rate of pay.

30. In Plaintiff's case, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendants and was not paid for the hours she worked at the correct rate of pay and Defendant willfully misclassified Plaintiff in order to avoid paying Plaintiff overtime at the proper rate required by law.

31. Defendants were aware that Plaintiff routinely worked through her lunch breaks and that Plaintiff worked more than 40 hours a week during most weeks of her employment with Defendants and that Plaintiff was not paid for all the time Plaintiff spent working for Defendants.

32. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff her correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of minimum wages, overtime wages, and

liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands trial by jury on all issues triable by jury.

DATED this 25th day of October, 2019,

/s/David Blum
DAVID BLUM, ESQ.
FBN: 0632759
E-mail: david@davidblumlaw.com
David Blum, P.A.
P.O. Box 7624
Seminole, FL 33775
Tel.: (727) 642-2931; Fax: (727) 319-4733
Attorney for Plaintiff

And

/s/W. John Gadd
W. John Gadd
FL Bar Number 463061
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email –wjg@mazgadd.com

7